MAYER, Circuit Judge,
dissenting.
I respectfully dissent. There can be no infringement of U.S. Patent Nos. 5,895,468, 6,049,801 and 6,182,078 (collectively the “WhitServe patents”) because they are invalid. The WhitServe patents are “barred at the threshold by [35 U.S.C.] § 101,” Diamond v. Diehr, 450 U.S. 175, 188, 101 S.Ct. 1048, 67 L.Ed.2d 155 (1981), because they are directed to the abstract idea that it is useful to provide people with reminders of approaching due dates and deadlines. See Mayo Collaborative Servs. v. Prometheus Labs., Inc., — U.S.-, 132 S.Ct. 1289, 1303, 182 L.Ed.2d 321 (2012) (explaining that section 101 performs a vital “screening function”); Bilski v. Kappos, — U.S. -, 130 S.Ct. 3218, 3225, 177 L.Ed.2d 792 (2010) (noting that whether claims are directed to statutory subject matter is a “threshold test”).
*40 I.
In Bilski, the Supreme Court rejected an application because it did not “add” anything to the otherwise abstract idea of minimizing economic risk. 130 S.Ct. at 3231. The claimed method failed to meet section 101’s eligibility requirements because it simply described the idea of hedging against economic risk and applied it using “familiar statistical approaches” and “well-known random analysis techniques.” Id. at 3224, 3231. In Mayo, likewise, process claims were invalidated under section 101 because they merely described a law" of nature and applied it using “well-understood, routine, [and] conventional” means. 132 S.Ct. at 1294.
A similar analysis applies here. Prior to the “invention” disclosed in the WhitServe patents, attorneys and other professionals used manual docketing systems to keep track of upcoming deadlines for their clients. See U.S. Patent No. 5,895,468 col. 1 11. 10-57. These manual docketing systems were inefficient and time-consuming because they required an attorney or other professional to “examin[e] a calendar periodically to notice upcoming deadlines,” and to “send [a client] multiple reminders if necessary.” Id. col. 1 II. 38^1. “Another disadvantage” of these docketing systems was that they did “not employ modern computer communications media, such as the Internet.” Id. col. 1 II. 54-56. The WhitServe patents purport to solve these problems by disclosing the use of general purpose computers and the Internet to keep track of upcoming client deadlines and to generate client reminders that such deadlines are approaching. See id. col. 2 11. 21-22 (explaining that the claimed system “automatically prepares reminders ... for client due dates”); see also id. col. 2 11. 24-25 (stating that the system “transmits reminders” of client due dates “over the Internet”).
Because the WhitServe patents simply describe a basic and widely-understood concept — that it-is useful to provide people with reminders of important due dates and deadlines — and then apply that concept using conventional computer technology and the Internet, they fail to meet section 101’s subject matter eligibility requirements. “While running a particular process on a computer undeniably improves efficiency and accuracy, cloaking an otherwise abstract idea in the guise of a computer-implemented claim is insufficient to bring it within section 101.” My Space, Inc. v. Graphon Corp., 672 F.3d 1250, 1267 (Fed. Cir.2012) (Mayer, J., dissenting) (footnote omitted); see Bancorp Servs., LLC v. Sun Life Assurance Co., 687 F.3d 1266 (Fed. Cir.2012) (concluding that claims directed to a computerized method of managing a stable value protected life insurance policy fell outside section 101); Dealertrack, Inc. v. Huber, 674 F.3d 1315, 1333 (Fed.Cir. 2012) (holding that claims drawn to a method of applying for credit did not satisfy section 101, notwithstanding the fact that they contained a limitation requiring the invention to be “computer aided”); Fort Props., Inc. v. Am. Master Lease LLC, 671 F.3d 1317, 1323 (Fed.Cir.2012) (concluding that claims which recited “using a computer” in implementing an otherwise abstract investment idea were patent-ineligible); CyberSource Corp. v. Retail Decisions, Inc., 654 F.3d 1366, 1375 (Fed.Cir.2011) (emphasizing “that the basic character of a process claim drawn to an abstract idea is not changed by claiming only its performance by computers, or by claiming the process embodied in program instructions on a computer readable medium”).
“[L]imiting an abstract idea to one field of use or adding token postsolution components [does] not make the concept patentable.” Bilski 130 S.Ct. at 3231. Accord *41 ingly, the fact that the claimed system is arguably limited to communications between attorneys and other professionals and their clients is insufficient to bring it within the ambit of section 101. Likewise, the fact that the WhitServe patents contain both method and apparatus claims is insufficient to render them patent-eligible. See Bancorp, 687 F.3d at 1277 (“[T]he district court correctly treated the asserted system and medium claims as no different from the asserted method claims for patent eligibility purposes.”); CLS Bank Int’l v. Alice Corp., 685 F.3d 1341, 1353 (Fed.Cir.2012) (“Because mere computer implementation cannot render an otherwise abstract idea patent eligible, the analysis ... must consider whether the asserted claims (method, system, and media) are substantively directed to nothing more than a fundamental truth or disembodied concept....” (citations omitted)). When assessing whether method or apparatus claims meet the requirements of section 101, patent eligibility does not “depend simply on the draftsman’s art.” Parker v. Flook, 437 U.S. 584, 593, 98 S.Ct. 2522, 57 L.Ed.2d 451 (1978).
Because the patent system is designed to promote “the public disclosure of new and useful advances in technology,” Pfaff v. Wells Elecs., Inc., 525 U.S. 55, 63, 119 S.Ct. 304, 142 L.Ed.2d 261 (1998), the section 101 analysis turns on whether the claims disclose some new technology or “ ‘inventive concept,’ ” Mayo, 132 S.Ct. at 1294, for applying an abstract idea or law of nature. Section 101’s prerequisites cannot be satisfied where, as here, a patentee simply describes a well-known concept and applies it using conventional computer technology and the Internet. See Mayo, 132 S.Ct. at 1302 (concluding that a process for calibrating the proper dosage of thiopurine drugs fell outside section 101 because it “add[ed] nothing of significance” to the application of a law of nature).
II.
“[A] court may consider an issue antecedent to ... and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.” See U.S. Nat’l Bank v. Indep. Ins. Agents, 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (citations and internal quotation marks omitted). It is appropriate to take up an issue not specifically raised by the parties where there have been significant changes in applicable law since the trial court’s decision. See Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); see also Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) (“When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.”).
When it was before the trial court, Computer Packages, Inc. (“CPi”) unsuccessfully sought to obtain a declaratory judgment that the WhitServe patents were invalid under section 101. See Joint App’x 136, 142. Although CPi did not include a discussion of section 101 when it filed its appeal briefs here, we can take it up because the Supreme Court’s Mayo decision, which issued after CPi’s briefs were filed, makes clear that the WhiWServe patents disclose no “ ‘inventive concept,’ ” 132 S.Ct. at 1294, that would even arguably confer patent eligibility. See Forshey v. Principi, 284 F.3d 1335, 1356 (Fed.Cir.2002) (en banc) (“[Djecision of an issue not decided or raised below is permitted when there is a change in the jurisprudence of the reviewing court or the Supreme Court after consideration of the case by the lower court.”). The majority errs in refusing to *42 address the question of whether the Whit-Serve patents meet section 101’s eligibility requirements and in requiring CPi to return to the trial court to relitigate the appropriate measure of damages for its alleged infringement of plainly invalid claims. See Bradley v. Sch. Bd. of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) (“[A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary.”); Hormel, 312 U.S. at 557, 61 S.Ct. 719 (“Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy.”).